**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 10-05675-dd |
| Mary E. Miller, | Chapter 13 |
| | **ORDER** |
| Debtor. | |

    This matter is before the Court for a confirmation hearing on Mary E. Miller's ("Debtor") Plan filed August 7, 2010. An Objection to Confirmation of the Plan ("Objection") was filed by Joy Goodwin, the chapter 13 Trustee ("Trustee"), on November 5, 2010. Debtor filed a memorandum in response ("Response") on November 11, 2010. A hearing was held on November 15, 2010. Proceedings were stayed until December 27, 2010 by a consent order entered on December 9, 2010. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014, the Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

    Debtor filed for chapter 13 relief on August 7, 2010. Debtor's income consists solely of Social Security benefits in the amount of $588.00 per month. Her non-filing spouse receives $1,545 in Social Security benefits and $2,823.00 in VA Disability benefits each month. Debtor's husband currently resides in a nursing home for which the household bears no cost. Debtor's husband's Social Security and VA Disability benefits are issued in Debtor's husband's name and are deposited into the parties' joint account. Debtor's combined monthly household income listed on Schedule I is $4,956.00. Debtor's Schedule J lists monthly expenses of $2,567.67, leaving her with monthly net income of $2,388.00 per month.

Debtor's schedules indicate that her only secured debt is the mortgage on her home in the amount of $149,000. Debtor's plan indicates that she is current on this obligation. Debtor has no priority debt. Debtor's Schedule F indicates that she has accumulated over $87,000 of unsecured debt, consisting solely of credit card debt. It appears, based on Debtor's other financial circumstances, that her chapter 13 bankruptcy was filed solely to deal with the credit card debt. Debtor's plan proposes payments of $255 per month for 36 months. This payment will pay Debtor's unsecured creditors approximately six percent.

## CONCLUSIONS OF LAW

In her Objection, Trustee first argues that Debtor's husband's income is not exempt under 11 U.S.C. § 522(d)(10)(A); therefore, that income must be included in Debtor's monthly disposable income and is available to pay her creditors. Trustee next argues that even if Debtor's husband's income is exempt, Debtor's plan is not proposed in good faith, as required by 11 U.S.C. § 1325(a)(3).

11 U.S.C. § 522(d)(10)(A), the Code section on which Trustee relies, provides, in relevant part, "The following property may be exempted under subsection (b)(2) of this section: . . .The debtor's right to receive – (A) a social security benefit, unemployment compensation, or a local public assistance benefit; (B) a veterans' benefit . . ." Trustee looks to the language "debtor's right to receive" and concludes that the section requires that the benefits actually be payable to the debtor in order to be exempt. Trustee argues that Debtor has no right to her husband's separate benefit and as a result, the benefit is not exempt. This raises a question as to whether Debtor has any property interest in her non-filing spouse's Social Security benefit.

In her Response, Debtor largely ignores the exemption argument, focusing instead on the income issue. Debtor relies on 11 U.S.C. § 101(10A), which provides a definition of the term

"current monthly income", and 11 U.S.C. § 1325(b)(2), defining disposable income, to reach the conclusion that disposable income does not include any funds received from Social Security benefits, regardless of the payee of those funds. Debtor also responds to Trustee's allegation of bad faith.

> 11 U.S.C. § 101(10A)(A) and (B) define "current monthly income" as:
>
> [T]he average monthly income from all sources that the debtor receives . . . without regard to whether such income is taxable income, . . . and includes any amount paid by any entity other than the debtor . . . on a regular basis for the household expenses of the debtor or the debtor's dependents . . . but excludes benefits received under the Social Security Act.

11 U.S.C. § 1325(b)(2) provides, in relevant part, that "disposable income" is "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended" for certain expenses subsequently set forth in that section. Debtor argues that current monthly income excludes <u>any</u> benefits received under the Social Security Act, and because the definition of disposable income is current monthly income less expenses, any Social Security benefits at issue must be excluded from disposable income.

Trustee and Debtor rely on completely different Code sections in arguing their respective positions. The Court finds that Debtor's approach is the better one. Trustee relies on section 522, a section of the Code that sets forth the exemptions a debtor may take with regard to various interests in property. The issue here is not a matter of Debtor's exemptions but instead involves the calculation of Debtor's income. Debtor is not trying to take an exemption for her husband's Social Security income, but instead is trying to exclude that income from being used to calculate the disposable income she has available to pay creditors. The benefit belongs to Debtor's husband, as does the right to claim any exemption in the benefit. As a result, the Court finds that section 522(d)(10)(A) is inapplicable here.

The language of section 101(10A) states that "benefits received under the Social Security Act" are excluded from current monthly income.  Section 101(10A) does not specify that those benefits must be payable to the debtor, as the language in section 522 indicates.  The different language qualifying the scope of the sections leads to the conclusion that Congress intended differing treatment for Social Security benefits in the context of calculating a debtor's current monthly income than Social Security benefits in the context of a debtor's exemptions.  The Court finds that based on the plain language of section 101(10A) and section 522(d)(10)(A), it was Congress's intent to exclude all Social Security benefits from the calculation of current monthly income, regardless of whether those benefits are personal to the debtor.

The Court's finding that the definition of "current monthly income" in section 101(10A) excludes all Social Security benefits paid under the Social Security Act compels the conclusion that such benefits must be excluded from the calculation of a chapter 13 debtor's disposable income as well.  Section 1325(b)(2) defines disposable income as a debtor's current monthly income minus certain expenses.  Because all Social Security income is excluded from current monthly income, it follows that it must be excluded from disposable income as well.

The language of a provision of the Social Security Act is also instructive here.  42 U.S.C. § 407(a) states:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

While the Fourth Circuit has never addressed this particular issue, courts in other circuits have held that section 407(a) operates as a "complete bar to the forced inclusion of past and future social security proceeds in the bankruptcy estate." *In re Carpenter*, 614 F.3d 930, 936 (8th Cir.

2010). This Court agrees with the court in *Carpenter* and finds that the language of section 407(a) of the Social Security Act unambiguously prevents a debtor from being forced to use Social Security income to fund his chapter 13 plan. Because section 407(a) contains no limiting language, the Court finds that this provision extends to all Social Security income, not just the debtor's personal income. This lends further support to the conclusion that the Code does not allow the forced inclusion of Debtor's husband's Social Security income.

In accordance with the provisions discussed above, this Court has previously held that it cannot compel a debtor to use Social Security benefits to fund a plan. *See In re Seigel*, Case No. 06-02291-dd, 2006 WL 3483987, at *2 (Bankr. D.S.C. Nov. 20, 2006) ("In light of the exclusion of Social Security benefits from the current monthly income calculation, the Court cannot compel the Debtors to fund a plan using this income."). The parties agree that Debtor is not required to use her own Social Security income to fund her chapter 13 plan. The Court finds that the Bankruptcy Code also excludes Debtor's husband's Social Security benefits from the calculation of household income.

The Court also finds it significant that Debtor's husband's Social Security benefits are issued specifically to him, in his name. The purpose of Social Security benefits is the support and maintenance of the receiver of those benefits. Allowing Debtor's creditors to reach benefits personal to her husband would violate this purpose. In addition, a ruling adopting Trustee's argument could open the door for future creditors to reach a non-filer's benefits to pay debts for which the non-filer is not responsible, leaving the non-filer with no way to support himself. Debtor cannot be forced to use her husband's Social Security benefit to fund her chapter 13 plan.

Trustee's second argument is that Debtor's plan is not proposed in good faith. This Court has recently had occasion to consider the test for determining whether a plan has been proposed

in good faith. *See In re Johnson,* 438 B.R. 854, 857 (Bankr. D.S.C. 2010) (discussing the totality of the circumstances test used to determine whether a debtor's chapter 13 plan has been proposed in good faith). After using the test previously articulated by this Court to consider the totality of Debtor's circumstances,[1] the Court finds that Debtor's plan was proposed in good faith. Debtor appears to have been honest in disclosing her financial situation in her schedules and statements. Debtor has never filed bankruptcy before, and her reason for filing this case appears to be credit card debt that simply got out of control. Debtor is a woman with little ability to earn an income other than her Social Security income. Testimony at her confirmation hearing indicated that her husband is in poor health and that when he dies, his Social Security and VA Disability benefits will be reduced and may cease; as a result, it is at least possible that during the course of Debtor's plan she may experience a significant loss of income. These factors, taken together, indicate Debtor's plan was proposed in good faith.

In a 2008 decision, Judge Helen E. Burris found that although a debtor was not required to use her Social Security income to fund a plan, the debtor's plan was not proposed in good faith because she proposed to retain a luxury item while only paying one percent to creditors and stretching her plan payments over a 60 month period. *In re Allawas*, Case No. 07-06058-HB, 2008 WL 6069662, at *6 (Bankr. D.S.C. Mar. 3, 2008) ("[T]his decision does not find that actual excess income, arguably resulting from excluded Social Security income, must be counted toward a debtor's current monthly income and thus towards his or her projected disposable income for the purpose of determining payment to unsecured creditors. The point is rather that a

---

[1] *See In re Johnson*, 438 B.R. 854, 857 (Bankr. D.S.C. 2010) ("When engaging in a [good faith] analysis, courts often consider a number of factors, including: (1) the percentage of repayment creditors will receive; (2) the financial situation of the debtor; (3) the period of time over which creditors will receive payment; (4) the employment history and current and future employment prospects of the debtor; (5) the nature and amount of unsecured claims; (6) any previous bankruptcy filings of the debtor; (7) the honesty of the debtor in disclosing the facts of his case; (8) the nature of the debtor's pre-petition conduct giving rise to the case; (9) the dischargeability of the debtor in a chapter 7; and (10) any other extraordinary or unusual problems of the debtor.") (citations omitted).

Chapter 13 debtor seeking the extreme relief of bankruptcy must also pass the good faith test of § 1325(a)(3). . . . this Debtor did not meet her burden of proof.")  Like the debtor in *Allawas*, Mrs. Miller proposes to exclude Social Security income in funding her plan.  However, in contrast to the debtor in *Allawas*, Mrs. Miller is not attempting to retain any luxury items.  Additionally, while Mrs. Miller's plan certainly does not pay 100% to unsecured creditors, it proposes a 36 month repayment period, not a 60 month repayment period as proposed in *Allawas*.  Mrs. Miller has very little secured debt and no priority debt.  Despite the similarities in the two cases, the Court finds that Mrs. Miller's case is distinguishable from *Allawas* and that the totality of Mrs. Miller's circumstances indicates that her plan was proposed in good faith.

## CONCLUSION

For the reasons stated above, the Court finds that Debtor's husband's Social Security benefits are excluded from the calculation of the household's disposable income.  Further, the totality of Debtor's circumstances indicates that Debtor's plan was proposed in good faith. Debtor's plan, filed August 7, 2010, should be confirmed. A separate confirmation order will be entered.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**01/07/2011**



Entered: 01/11/2011

David R. Duncan
US Bankruptcy Judge
District of South Carolina